UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL ALVAREZ,

    Plaintiff,

v.                                Case No:   2:18-cv-424-FtM-99CM

FLORIDA MOTORSPORTS, LLC,

    Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Second Joint Motion for Approval of FLSA Settlement filed on September 21, 2018.  Doc. 23.[2]  The parties request that the Court approve their settlement of the Fair Labor Standards Act ("FLSA") claims and dismiss the case with prejudice.  For the reasons set forth herein, the Court recommends the settlement be **APPROVED** and Plaintiffs' claims be dismissed with prejudice.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

To approve the settlement, the Court must determine whether it is a "fair and reasonable res[o]lution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must

scrutinize the settlement to determine whether it is a "fair and reasonable res[o]lution of a bona fide dispute." *Lynn's Food Store*, 679 F.2d at 1355.

Plaintiff brought this action against Defendant Florida Motorsports, LLC ("Florida Motorsports"), alleging Florida Motorsports did not compensate him with overtime pay in violation of the FLSA. *See generally* Doc. 1. Florida Motorsports is a corporation engaged in business in Collier County, Florida. *Id.* ¶¶ 5, 9. Florida Motorsports employed Plaintiff as a mechanic from June 2016 to July 2017. *Id.* ¶¶ 17-18. Plaintiff alleges Florida Motorsports did not compensate him at a rate of one-and-one-half times his regular hourly wage for overtime worked. *Id.* ¶¶ 22-23, 28-29. The parties indicate Plaintiff alleges $1,067 in unliquidated damages and $1,067 in liquidated damages. *See* Doc. 23 at 1.

The parties filed a Joint Motion for Approval of FLSA Settlement on September 4, 2018, which the Court denied without prejudice. Docs. 21, 22. The proposed settlement agreement contained a general release by Plaintiff, and the parties had not shown any independent consideration or other benefit conferred upon Plaintiff by the release. *See* Docs. 21-1, 22. The Court directed the parties to file a revised settlement agreement by September 21, 2018, which they did. Doc. 22 at 5; Doc. 23. In the revised agreement, Defendant agrees to pay Plaintiff $1,000.00 as wages and $1,000.00 as liquidated damages allegedly due under the FLSA. Doc. 23 at 2. The revised agreement's release is "specifically from the FLSA claims in the lawsuit." Doc. 23-1 at 1. The revised agreement does not contain a general release. *See*

*generally id*. "The parties agree this is a narrowly tailored and fair and reasonable settlement of a bona fide dispute." Doc. 23 at 2.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at \*2 (M.D. Fla. July 15, 2011), report and recommendation adopted, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Helms v. Ctr. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the costs were agreed upon separately and without regard to the amount paid to Plaintiff.  Doc. 23-1 at 2; *see also* Doc. 21 at 4.  Defendant agrees to pay Plaintiffs' attorney's fees and costs in the amount of $2,445.00.  Doc. 23-1 at 2.  The Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Second Joint Motion for Approval of FLSA Settlement (Doc. 23) be **GRANTED**.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 28th day of September, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record